# IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS

**CHERYL MILLER**                                                                 **PLAINTIFF**

**VS.**                     **NO.- 25CV-18-131**

**APOLLO ENDOSURGERY, US INC.;**
**ALLERGAN SALES, LLC; and**
**ALLERGAN, INC.**                                           **DEFENDANTS**

FILED
OFFICE OF THE
CIRCUIT CLERK
DEC 1 0 2018
FULTON COUNTY
ARKANSAS

## COMPLAINT

### JURISDICTION AND VENUE

1. The Circuit Court of Fulton County, Arkansas, has jurisdiction of this case because Plaintiff is seeking damages against the Defendants in this civil proceeding, thereby giving this Court jurisdiction under Ark. Code Ann. § 16-13-201.

2. The venue for this action is in Fulton County, Arkansas, pursuant to the provisions of Ark. Code Ann. § 16-60-101(a)(3)(A).

### PARTIES

3. Plaintiff is Cheryl Miller, whose address is 115 Tucker Street, Salem, Arkansas 72576.

4. Defendant Apollo Endosurgery, US Inc., is a medical device company incorporated in the state of Delaware, and authorized to do business in the state of Arkansas, with a registered agent for service at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Its registered agent is National Registered Agents, Inc.

EXHIBIT "A"

5. Defendant Allergan Sales, LLC, is a medical device company incorporated in the state of Delaware, and authorized to do business in the state of Arkansas, with The Corporation Company as its registered agent for service located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

6. Defendant, Allergan, Inc., is medical device company organized and existing under the laws of the State of Delaware, with a registered agent for service at Corporation Trust Center, 1209 Orange St., Wilmington, New Castle, Delaware 19801. The registered agent is The Corporation Trust Company.

7. Defendants' products, including the lap band and its components, are sold throughout the country, including within the state of Arkansas.

### FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS

8. Defendants are medical device companies that design, manufacture, and distribute laparoscopic adjustable gastric bands ("lap bands"). Lap bands are a medical device commonly used to treat obesity.

9. On June 11, 2008, Plaintiff had a lap band surgery completed at Rivercrest Surgery Center by Dr. Rex Luttrell, at or about Benton, Arkansas. The lap band used in this surgery was designed, manufactured, distributed, and sold by Defendants.

10. On March 14, 2018, Plaintiff had a hysterectomy at Baxter Regional Medical Center at Mountain Home, Arkansas by Dr. William Corey Smith.

11. During the hysterectomy procedure it was determined that the lap band from the surgery on June 11, 2008, was broken and floating in Plaintiff's body cavity.

12. On September 12, 2018, Plaintiff had the lap band removed at St. Vincent Hospital in Little Rock, Arkansas.

## COUNT I

13. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the previous paragraphs, inclusive, to complaint as a part of this count.

14. The injuries and damages complained of by the Plaintiff was caused by the lap band and Defendants were guilty of negligence, which negligence consists of, but is not limited to, the following, which negligence was a proximate cause of the alleged injuries and damages, viz:

    a. Negligently failed to design, manufacture, and construct components that operated properly under the circumstances.

    b. Failed to use ordinary care under the circumstances.

15. Plaintiff believes that the damages were proximately caused by the negligence of the Defendants, acting by and through it's duly authorized

3

agents, servants, workmen, and/or employees, who are guilty of negligence in the design, fabrication, assembly, manufacture, labeling, sale, delivery, and/or supplying the lap band, both generally and in the following particular allegations, viz:

    a. Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying of the lap band in a defective condition, to the Plaintiff and to all other users similarly situated.

    b. Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying of the lap band with a defect.

    c. Failing to design, fabricate, assemble, manufacture, label, sell, distribute, and/or supply the lap band with the necessary and adequate protective devices and/or safety measures.

    d. Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying of the lap band with devices and features which were inadequate and/or defective.

    e. Failing to properly and adequately design, fabricate, manufacture, sell, label, distribute, and/or supply the lap band in an adequate and safe condition for users such as the Plaintiff.

f. Failing to properly and adequately test and/or inspect the lap band.

g. Failing to provide, establish and/or follow proper and adequate quality control methods so as to provide a safe product.

h. Failing to design, fabricate, manufacture, sell, label, distribute, and/or supply and/or safely develop and test their product in order to insure or safeguard against the inherent dangers of the product or to provide a safe product.

i. Concealing from, and/or failing to disclose to purchasers, and other similarly situated, that the lap band was defectively and/or unreasonably designed, and was unreasonably dangerous, thereby making it dangerous to use.

j. Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying of the lap band without adequate warnings, cautions, and/or directions concerning the dangers and limitations of their product.

k. Making, publishing and otherwise communicating certain representations about their product which were untrue.

l. Failing to warn of the inherent and latent defects in the lap band which made it dangerous and unsafe for its intended use.

m. Failing to make necessary modifications to the lap band when Defendants knew or should have known that the conditions of the lap band could be prevented by the incorporation of certain devices.

n. Negligently designed, manufactured, assembled, installed, marketed, labeled, advertised, distributed and sold the lap band that was defective in design, manufacture and assembly in that the lap band's design failed to serve its intended purpose.

o. Failing to use ordinary care under the circumstances.

p. Such other acts or omissions which constitute negligence as they appear during the course of the proceeding in the case.

### COUNT II

16. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the previous paragraphs, inclusive, of the complaint as a part of this count.

17. Plaintiff contends the Defendants were engaged in the business of manufacturing, assembling, and selling lap bands and that the lap band in question was supplied by Defendants in a defective condition and the defective condition was a proximate cause of the Plaintiff's damages. Plaintiff contends the Defendants are absolutely or strictly liable to the Plaintiff.

## COUNT III

18. As a cause of action and ground for relief, Plaintiff alleges that factual matters described in the previous paragraphs, inclusive, of the complaint as part of this count.

19. Plaintiff contends the Defendants impliedly warranted that the lap band was merchantable at the time it was sold and later used by the Plaintiff. Plaintiff contends there was a breach of the implied warranty of merchantability. The lap band was not adequately constructed and did not conform to the promises and affirmations of the Defendants. Plaintiff contends the Defendants breached the warranty of merchantability in that Plaintiff sustained injuries and damages as a result of the lap band sold to Plaintiff by Defendant, which was not merchantable and the unmerchantable condition was the proximate cause of the injuries and damages. Plaintiff was an individual whom Defendants would reasonably expect to use, and be affected by the lap band. Plaintiff gave reasonable notice to the Defendants of the breach within a reasonable period of time, but the Defendants failed to cure the breach.

## COUNT IV

20. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the previous paragraphs, inclusive, of the complaint as a part of this count.

21. Plaintiff claims damages from Defendants on the ground that the lap band was not fit for the particular purpose for which it was intended. Defendants, at the time of the sale of the lap band by Defendants to Plaintiff, had reason to know the particular purpose for which the lap band was required. Defendants knew Plaintiff was relying upon Defendants' skill and judgment to design, manufacture, and distribute a suitable lap band. The lap band was not fit for the particular purpose for which it was required and this unfitness was a proximate cause of Plaintiff's damages and injuries. Plaintiff was an individual whom Defendants would reasonably have expected to use, and be affected by the lap band.

## COUNT V

22. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the previous paragraphs, inclusive, of the complaint as a part of this count.

23. Plaintiff claims damages from Defendants on the ground that Defendants made and breached certain express warranties concerning the lap band. Plaintiff contends express warranties were created by a contract between the parties when she agreed to have the surgery and the lap band installed. The lap band distributed and used by the Plaintiff did not conform to the express warranties created. The failure of the lap band to conform to the express warranties was the proximate cause of the Plaintiff's injuries

8

and damages and Plaintiff was an individual whom Defendants might reasonably expect to use, and be affected by the lap band.

## DAMAGES

24. Plaintiff sustained injuries and damages, which injuries and damages consist of, but are not limited to, the following, viz.:

    a.    Past and future medical expense.

    b.    Past and future pain and suffering.

    c.    Past and future mental anguish.

    d.    Other damages that will be more particularly described during the course of litigation.

25. Plaintiff makes a demand against the Defendants, jointly and severely, for a sum in the excess of the minimum amount of Federal Court jurisdiction together with costs and all other relief to which the Plaintiff may be entitled.

## JURY DEMAND

26. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

                                                CHERYL MILLER, PLAINTIFF

                                                _____
                                                DAVID A. HODGES
                                                Attorney at Law
                                                212 Center Street, Fifth Floor
                                                Little Rock, AR 72201-2429
                                                Arkansas Bar No. 65021

Telephone: 501-374-2400
Facsimile:  501-374-8926
E-Mail: david@hodgeslaw.com

and

Mr. Gray Dellinger
Dellinger Law Firm
P.O. Box 246
Melbourne, AR 72556
Arkansas Bar No. 69015
Telephone: 870-368-4317
Facsimile: 870-368-4710
E-Mail: graydellinger@ymail.com

DH/dfm/167

10